**Pargat SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75775.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

___

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Mark C. Walters, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Pargat Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003), we grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination because the IJ's findings were either based on speculation and conjecture, *see Jibril v. Gonzales*, 423 F.3d 1129, 1136 (9th Cir.2005), or minor discrepancies between Singh's testimony and documentary evidence not going to the heart of his claim, *see Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000).

Therefore, we grant the petition and remand for further proceedings to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal, or CAT relief. *See INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

___

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.